IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JONATH K. CHAPMAN, SR., :
:
    Plaintiff, :
:
v. : Civ. No. 15-720-RGA
:
CONNECTION'S MEDICAL CSP, INC., :
et al., :
:
    Defendants. :

## MEMORANDUM ORDER

At Wilmington, this 14 day of June, 2016, having considered Plaintiff's motion for injunctive relief (D.I. 29),

IT IS HEREBY ORDERED, as follows:

Plaintiff Jonath K. Chapman, Sr., a former inmate at Central Violation Center in Smyrna, Delaware, now released (*see* Civ. Act. No. 16-158-RGA (D.I. 9)), filed a motion for injunctive relief for Defendant Connection's Medical CSP, Inc. to take him to his "original" orthopedic surgeon. Defendants oppose.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *Id.* Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v.*

*Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Connections argues that Plaintiff has failed to meet the requisites for injunctive relief. Connections refers to the fact that Plaintiff received continuing medical treatment for his conditions and that he also received physical therapy. It argues that because Plaintiff receives treatment, he has not shown a probability of success on the merits. Dr. DuShuttle notes that the instant motion does not seek action from him, and adopts Connections' position.

Given Plaintiff's release from prison, his motion is moot. In addition, upon review of Plaintiff's motion, as well as the evidence of record, the Court concludes that Plaintiff has not demonstrated the likelihood of success on the merits. Notably, Plaintiff indicates that, while incarcerated, he received continuing medical treatment, albeit not to his liking, and this weighs against a finding of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976) (an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need).

Therefore, the court **DENIES** the motion. (D.I. 29).

/s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE