IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONATH K. CHAPMAN, SR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 15-720-RGA |
| | : | |
| CONNECTION'S MEDICAL CSP, INC., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

Jonath K. Chapman, Sr., Milsboro, Delaware. *Pro Se* Plaintiff.

Dana Spring Monzo, Esquire, White & Williams, Wilmington, Delaware.  Counsel for Defendant Connections Community Support Programs, Inc.

Courtney R. Hamilton, Esquire, Morris James LLP, Wilmington, Delaware.  Counsel for Defendant Richard P. DuShuttle, M.D.

## MEMORANDUM OPINION

August      , 2016
Wilmington, Delaware

*Rmhard G. Andrun*
**ANDREWS, U.S. District Judge:**

Plaintiff Jonath K. Chapman, Sr., a former inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, who appears *pro se* and was granted leave to proceed *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. He raises medical needs claims and supplemental state law claims. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant Richard P. DuShuttle, M.D. moves for dismissal pursuant to 18 Del. C. § 6853(a)(1). (D.I. 15). Defendant Connections Community Support Programs, Inc. (wrongly named as Connection's Medical CSP, Inc.) moves for dismissal pursuant to Fed. R. Civ. P. 4(h) and 4(m). (D.I. 28). Plaintiff opposes. Briefing on the matter has been completed.

## BACKGROUND

Plaintiff was incarcerated at the VCC and has since been released. (*See* D.I. 35, 36). In the Complaint (D.I. 1), Plaintiff alleges that while housed at the VCC, during an 18 month time-frame, Connections failed to provide him treatment for right shoulder or neck pain. Plaintiff explains that on January 14, 2015, Dr. DuShuttle operated on Plaintiff's left shoulder and left wrist, and the surgery was "good." He alleges that while at VCC, his left wrist became infected because of Connections' lack of care and he was left with a larger scar.

On March 4, 2015, Plaintiff underwent right elbow and right surgery. He alleges that something "is wrong with the surgery" and complains that he still has numbness in the right hand and elbow. Plaintiff "needs to be seen again by an outside doctor."

Plaintiff also alleges that he holds his head sideways because Connections does not want to send him to see an outside physician. While not clear, Plaintiff appears to

allege that Connections, knowing that Plaintiff would be released, ordered a soft neck
collar for Plaintiff instead of approving surgery.

For relief, Plaintiff seeks compensatory damages and injunctive relief ordering
Defendants to send him to out for surgery.[1]

## RELEASED INMATE

Plaintiff was incarcerated at the time he filed his complaint under 42 U.S.C.
§ 1983, he sought *in forma pauperis* status pursuant to 28 U.S.C. § 1915, the Court
granted his request, and assessed a filing fee of $350.00. (*See* D.I. 5). In June 2016,
the Clerk of Court was informed that Plaintiff has been released from prison and was
provided with a new address for Plaintiff. (*See* D.I. 35, 36) Prior to his release, Plaintiff
made no payments towards his filing fee. Under the Prison Litigation Reform Act,
release does not eliminate the obligation of payment of a filing fee that could and
should have been met from the trust account while imprisonment continued. *See*
*Drayer v. Attorney General*, 81 F. App'x 429 (3d Cir. 2003). Therefore, Plaintiff will be
ordered to submit a long form application to proceed *in forma pauperis* or to pay the
filing fee in full.

## AFFIDAVIT OF MERIT

Dr. DuShuttle moves to dismiss the claims against him on the grounds that
Plaintiff failed to file an affidavit of merit in support of his complaint as is required under

---

[1]Plaintiff's request for injunctive relief is moot due to his release from the VCC
*See O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)) (prisoner's transfer or release
from prison moots claims for injunctive or declaratory relief since he is no longer subject
to conditions he alleges are unconstitutional).

18 Del. C. § 6853. (D.I 15). Plaintiff opposes the motion and submits a document that he signed, titled "appellant's affidavit of merit." (D.I. 22, 23).

In Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. *See* 18 Del. C. §§ 6801-6865. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with "expert medical testimony" detailing: "'(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury.'" *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)). Because Plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of merit as to each defendant signed by an expert witness. *See* 18 Del. C. § 6853(a)(1).

Plaintiff's affidavit of merit does not meet the statutory requirements of § 6853. Most notably, the affidavit was not submitted at the time Plaintiff filed the complaint and, further, it is signed by Plaintiff and not by an expert witness. Therefore, the Court will grant the motion.

In addition, the Court notes that Plaintiff's claims against Dr. DuShuttle speak to negligence only. Allegations of medical malpractice are not sufficient to establish a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation). Dr. DuShuttle will be dismissed from the case as the medical negligence claim was the only conceivable claim raised against him, and as discussed, the claim fails for lack of an affidavit of merit.

3

## SERVICE

Connections moves for dismissal pursuant to Fed. R. Civ. P. 4(h) and 4(m) on the grounds that the complaint was served upon an individual who is not an authorized agent to accept service on its behalf and that service took place more than 180 days following the filing of the Complaint. (D.I. 28). Plaintiff opposes the motion and responds that he sent in "Marshal" papers as required by the Court. (D.I. 31).

Plaintiff's Complaint was received for filing on August 19, 2015. (D.I. 1). Following review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), on September 28, 2015, the Court entered a service order for Plaintiff to submit the required service documents within 120 days from the date of the order.[2] Plaintiff submitted the required documents on October 7, 2015 and service packets were sent to the United States Marshals Service the same day. On October 20, 2015, the USMS, mailed the service packet to Connections at the address provided by Plaintiff, 500 West 10th Street, Wilmington, Delaware 19801. (D.I. 13). On December 4, 2015, the USMS filed a USM-285 form that stated it "never rec'd waiver of service from def." (*Id.*).

On January 12, 2016, noting that Connections has failed to return the waiver of service summons form, the Court ordered Plaintiff to request issuance of summons and to submit new service documents so that Connections could be personally served. (D.I. 19). After Plaintiff requested issuance of summons and submitted the required service documents, another service packet was sent to the USMS on February 9, 2016, so that

---

[2]*See* November 23, 2015 Standing Order In Re: Amendment to Fed. R. Civ. P. 4(m) (available on the Court's website), which provides that the reduced period for effecting service (from 120 to 90 days) does not apply to cases filed before December 1, 2015.

4

it could personally serve Connections. The USMS filed a USM-285 form, dated March 9, 2016, that stated Connections was "served to Ameerah Valentina @ Connections @ 12:54 PM" at the same address the service packet was originally mailed to, 500 West 10th Street, Wilmington, Delaware. (D.I. 26).

A defendant may file a motion to dismiss when a plaintiff fails to properly serve him or her with the summons and complaint. *See* Fed. R. Civ. P. 12(b)(5). A plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). During the relevant time-frame, Rule 4(m) imposed a 120-day time limit for perfection of service following the filing of a complaint. Fed. R. Civ. P. 4(m). When service is not completed within that time, the action is subject to dismissal without prejudice. *Id. See MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995).

"An indigent prisoner representing himself is entitled to rely on the Marshal to achieve service of process." *Hankins v. Pennsylvania*, 526 F. App'x 164, 167 (3d Cir. 2013) (quoting *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Rule 4(m) provided that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m). "Upon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at [its] discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005).

Plaintiff proceeds *in forma pauperis* and, therefore, must rely upon the Court to issue a service order and the USMS to effect proper service of the summons and complaint. *See* 28 U.S.C. § 1915(d) (stating that where a plaintiff is proceeding in forma pauperis, "the officers of the court shall issue and serve all process, and perform all duties in such cases"). Plaintiff had nothing to do with any delay in service and, therefore, dismissal for failure to timely serve is not proper. Therefore, the court will deny the motions to dismiss on the basis of untimely service.

With regard to Connections' contention that it was not properly served, under Rule 12(b)(5), the court has "broad discretion" in deciding whether to dismiss the complaint for insufficient service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). The Third Circuit has instructed that "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Id.* Given that instruction, the Court will not dismiss the Complaint pursuant to Rule 12(b)(5).

Connections "has a duty" to waive service. Rule 4(d) affirmatively imposes the "duty to avoid unnecessary expenses of serving the summons" upon defendants. *Id.* If defendant "fails, without good cause, to sign and return [the] waiver" requested by plaintiff within a "reasonable time," the court "must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(1)(F), 4(d)(2).

The record reflects that service was accepted on Connections' behalf (albeit upon someone who was not an agent authorized by law to accept service of process on behalf of Connections) at the same address that the USMS used when it mailed the

6

service packet to Connections. Service was attempted by mail, and the process receipt and return stated that the USMS mailed the waiver to Connections, but it did not receive the waiver of service from Connections. The service packet was not returned as undeliverable and there is no indication that Connections did not receive it; only that it failed to return the waiver of service.

Plaintiff will be given another opportunity to personally serve Connections. Counsel for Connections will be ordered to advise the Court of the correct name and address of Connections' agent authorized by law to accept service of process on its behalf. Connections is placed on notice that, given its failure to waive service of summons under Fed. R. Civ. P. 4(d), it may be responsible for the costs of service, including the first attempt to personally serve it. Connections may avoid costs of service should it opt to execute a waiver of the service of summons. Given Plaintiff's reliance on the USMS to effect service and the fact that Connections chose not to waive service of summons and complaint, the Court will deny Connections' motion to dismiss.

## CONCLUSION

For the above reasons, the Court will: (1) order Plaintiff to submit a long form application to proceed *in forma pauperis* or pay the filing fee; (2) grant Defendant Richard P. DuShuttle, M.D.'s motion to dismiss pursuant to 18 Del. C. § 6853(a)(1) (D.I. 15); (3) deny Defendant Connections Community Support Programs, Inc.'s motion to dismiss (D.I. 28); and (4) order counsel for Connections Community Support Programs, Inc. to provide the correct name and address of the individual or entity authorized to accept service on Connections' behalf.

7

An appropriate order will be entered.

8